NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRA ITZAMARA VAIL-MARTINEZ; C. A. M.-V., <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-1170 <br><br> Agency Nos. <br> A213-154-621 <br> A213-154-622 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2025**
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,
District Judge.***

Alejandra Itzamara Vail-Martinez (Vail-Martinez) and her minor child,[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

[1] Vail-Martinez petitions for her child as a derivative beneficiary.

1

25-1170

C.A.M.-V., natives and citizens of Guatemala, petition for review of a Board of Immigration Appeals (BIA) decision dismissing their appeal of an Immigration Judge (IJ) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).  We deny the petition.

Where, as here, the BIA adopts the IJ's decision without opinion, "we review the IJ's decision as if it were the BIA's decision."  *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (citation and internal quotation marks omitted).  We review the BIA's factual findings for substantial evidence.  *See Hussain v. Rosen*, 985 F.3d 634, 641-42 (9th Cir. 2021).

**1.**  We have expressed uncertainty about whether the agency's determination on failure to establish past persecution should be reviewed de novo or for substantial evidence.  *See Lapadat v. Bondi*, 145 F.4th 942, 951 (9th Cir. 2025), *as amended*.  However, because Vail-Martinez did not establish that she suffered past persecution under either standard, we need not resolve this issue.  *See id.*

Vail-Martinez testified that gang members extorted money from her at her store every 30 to 40 days.  Although the gang members were armed and had visible gang tattoos, Vail-Martinez did not describe any violent acts, vandalism, or death threats.  *See Sharma v. Garland*, 9 F.4th 1052, 1063 (9th Cir. 2021).  The gangs simply demanded money.  Similarly, the threatening text messages Vail-Martinez received were no doubt unsettling, but these messages also demanded money and

were not accompanied by any realistic threat of harm.  Although relevant to the analysis, "threats, without more, do not necessarily compel a finding of past persecution."  *See id.* at 1062 (citation omitted); *see also Lim v. I.N.S.*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases . . .") (citation omitted).

**2.**  "A petitioner who cannot show past persecution might nevertheless be eligible for relief if [s]he instead shows a well-founded fear of future persecution. . . ."  *Sharma*, 9 F.4th at 1065 (citation and alteration omitted).  However, the IJ determined that Vail-Martinez failed to establish a nexus between any fear of future persecution and her membership in a protected group.  *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).  For asylum, she was required to demonstrate that her "protected characteristics were one central reason" for the past or future harm.  *Id.* (citation and internal quotation marks omitted). For withholding of removal, she was required to establish that her protected characteristics "will be a reason" for her feared future harm.  *Id.* (citations and internal quotation marks omitted).

Vail-Martinez claimed membership in three particular social groups: Guatemalan women, female Guatemalan heads of household, and Guatemalan

small business owners.[2]  Substantial evidence supports the IJ's conclusion that the gangs targeted Vail-Martinez for money, and not because of her membership in either particular social group of Guatemalan women or female Guatemalan heads of household.  There is no evidence in the record that the gang members were motivated by Vail-Martinez's gender, and Vail-Martinez acknowledged that all businesses in her town were targeted for extortion, including ones owned by men.  Because substantial evidence supports the agency's determination that there is no nexus between the feared future harm and Vail-Martinez's membership in a protected group, substantial evidence supports the denial of asylum and withholding of removal.  *See id.* at 1023.

**3.**  Substantial evidence also supports the agency's denial of CAT relief.  To qualify for relief under the CAT, Vail-Martinez must establish that it is more likely than not that she would be tortured if returned to Guatemala.  *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020).  "Generalized evidence of violence and crime is insufficient to establish a likelihood of torture."  *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citation omitted).  Rather, the "record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture."  *Id.* (citation omitted) (emphasis in the original).

---

[2]    The IJ concluded that the proposed social group of Guatemalan small business owners was not cognizable.

Vail-Martinez submitted country conditions reports and articles describing widespread general criminality and violence towards women. However, as noted, evidence of general criminality and violence does not establish that a particular individual would be in danger of torture. *See id.*

**PETITION DENIED**.[3]

---

[3] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. # 1) is otherwise denied.